IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DOUGLAS SHARRON PIGGEE, JR.,<br>Defendant. | Case No. 13-cr-00494-CW-1<br><br>ORDER DENYING THIRD § 2255 MOTION AND § 3582 MOTION<br><br>(Dkt. Nos. 82 & 83) |

Movant Douglas Sharron Piggee, Jr., a federal prisoner proceeding without counsel, has filed two motions challenging his sentence pursuant to Federal Rule of Civil Procedure 60(b)(6) and 18 U.S.C. § 3582(c)(2), respectively. The Court construes Movant's Rule 60(b)(6) motion as a 28 U.S.C. § 2255 motion. It is DENIED WITHOUT PREJUDICE, and Movant's § 3582 motion is DENIED for the reasons set forth below.

First, Movant's Rule 60(b)(6) motion is, in substance, a "new request for relief on the merits and should be treated as a disguised § 2255 motion." United States v. Washington, 653 F.3d 1057, 1063 (9th Cir. 2011) (citing Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)). The Court therefore construes Movant's motion as brought pursuant to § 2255. Movant filed two previous § 2255 motions, which were denied in Orders dated November 7, 2016, and October 24, 2017, respectively. The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability on August 2, 2017.

Under § 2255(h):

A second or successive motion must be certified as

provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Movant's motion has not been certified by the Court of Appeals. Accordingly, the motion is DENIED WITHOUT PREJUDICE to renewal if the Court of Appeals grants certification under § 2255(h). Docket No. 82.

Second, § 3582(c)(2) is inapplicable. It states that the Court may modify a term of imprisonment after its imposition "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Movant does not argue that his sentence is based on a sentencing range that the Sentencing Commission lowered subsequently. Instead, Movant argues that the applicable sentencing range was "miscalculated." Docket No. 83 at 1. Movant's reliance on <u>United States v. Davis</u>, 825 F.3d 1014 (9th Cir. 2015), to support his argument that he is entitled to relief pursuant to § 3582 is unavailing. <u>Davis</u> does not alter § 3582(c)(2)'s requirement of a sentencing range that the Sentencing Commission lowered subsequently before a prisoner is
//

entitled to relief. See id. at 1026. Accordingly, the Court DENIES Movant's § 3582(c)(2) motion. Docket No. 83.

IT IS SO ORDERED.

Dated: November 27, 2018

_____
CLAUDIA WILKEN
United States District Judge